UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHAUNCEY MAHAN,

        Plaintiff,

        vs.

ROC NATION, LLC,
ROC-A-FELLA RECORDS, LLC,
SHAWN CARTER p/k/a "JAY Z",

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 14-cv-5075 (LGS)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**ROC NATION, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Cynthia S. Arato
Daniel J. O'Neill
SHAPIRO, ARATO & ISSERLES LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
Phone: (212) 257-4880
Fax: (212) 202-6417
carato@shapiroarato.com
doneill@shapiroarato.com

*Attorneys for Defendant Roc Nation, LLC*

Defendant Roc Nation, LLC ("Roc Nation") respectfully submits this Reply Memorandum of Law in support of its motion to dismiss the First Amended Complaint ("FAC").

## ARGUMENT

### I. Roc Nation Should Be Dismissed from the Declaratory Judgment Claim Regarding the Alternate Recordings

Plaintiff argues that he is entitled to pursue his claim for declaratory relief against Roc Nation regarding the Alternate Recordings because Roc Nation could "plausibly" claim to be a co-owner of these works. (Opp. 7-10). Plaintiff misses the point. It is irrelevant what Plaintiff believes Roc Nation might or could try to claim. What matters is that Roc Nation has *never* claimed to be a copyright owner of these works and has repeatedly disclaimed any present or future copyright interest in them. (*See* Roc Nation Mem. at 2-3). *See Cohen v. Versatile Studios, Inc.*, 13-CV-08280 (VEC), 2014 WL 1584055, at *3 (S.D.N.Y. Apr. 21, 2014) (dismissing declaratory judgment action after defendant disclaimed interest in the work at issue); *Shady Records, Inc. v. Source Enters., Inc.*, 351 F. Supp. 2d 74, 77 (S.D.N.Y. 2004) (dismissing declaratory judgment claims against party who was not alleged to have asserted any copyrights in the subject works). Simply put, there is no justiciable controversy between Plaintiff and Roc Nation. Plaintiff cannot unilaterally create one just because he is gunning for a fight.[1]

### II. Plaintiff Fails to State a "Conspiracy" Claim

Plaintiff contends that his "conspiracy" claim should not be dismissed because Roc Nation allegedly cannot avail itself of the *Noerr-Pennington* doctrine. (Opp. at 16-25). That too

---

[1] Plaintiff argues that "there will be nothing to prevent" Roc Nation from challenging Plaintiff's supposed copyright ownership in the Alternate Recordings if it is dismissed. (Opp. at 12 n.15). That is a red herring. Plaintiff and defendant Roc-A-Fella Records, LLC will remain parties to Plaintiff's claim for declaratory judgment regarding the Alternate Recordings, and Roc Nation will be bound by any declaratory judgment entered by this Court regarding these works – just like anyone else and just as Roc Nation previously conceded to this Court. (Sept. 12 Ltr. at 2).

is a red herring, for one simple reason: Roc Nation has not sought dismissal under *Noerr-Pennington*; it seeks dismissal under Section 47(b) of the California Civil Code.

Section 47(b) provides an "absolute" and "unqualified" privilege that shields statements to law enforcement from tort liability even where, as Plaintiff alleges here, the statements were purportedly intentionally false or a "sham." (*See* Roc Nation Mem. at 12-13). That absolute privilege operates independently of *Noerr-Pennington*. Accordingly, it is irrelevant whether Roc Nation also could have availed itself of the *Noerr-Pennington* doctrine on this motion to dismiss – regardless, Section 47(b) bars Plaintiff's claim. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 650 (9th Cir. 2009) (plaintiff's claim properly dismissed as barred by Section 47(b) even though *Noerr-Pennington* did not apply due to sham exception); *see also Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) ("There is no reason that *Noerr–Pennington* and California privilege law cannot both apply to" state-law claims); *James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.*, No. SACV 11-1309-DOC (ANx), 2013 WL 655314, at *13-14 (C.D. Cal. Feb. 21, 2013) (separately considering the application of each doctrine); *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. C 12-2582 CW, 2013 WL 368365, at *12 (N.D. Cal. Jan. 29, 2013) (no need to assess *Noerr–Pennington* once claim found barred by Section 47(b)).

Plaintiff's remaining arguments are equally specious.

- Plaintiff contends that this Court cannot grant a motion to dismiss based on an affirmative defense. (Opp. at 15-16). Yet it is black letter law that a 12(b)(6) dismissal is appropriate when an affirmative defense "appears on the face of the complaint," as it does here. *Iowa Pub. Employees' Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (internal quotation marks omitted).

- Plaintiff contends that Section 47(b) protects only "good faith" "pre-litigation" communications. While that rule may apply to pre-suit demands making "hollow threats" of litigation (*see* cases cited at Opp. at 17 n.21), it does not apply to statements actually made to the police. *See Hagberg v. California Fed. Bank FSB*, 32

Cal. 4th 350, 360-64 (2004) (Section 47(b) provides "unqualified privilege" for statements to law enforcement personnel "without respect to the good faith or malice of the person who made the statement, or whether the statement ostensibly was made in the interests of justice").  *See also*, *e.g.*, *Ritchie v. Sempra Energy*, 10CV1513 JLS (WVG), 2010 WL 4974866, at *4-5 (S.D. Cal. Dec. 1, 2010) (dismissing claims based on alleged "false police reports"); *Talada v. City of Martinez*, 656 F. Supp. 2d 1147, 1159 (N.D. Cal. 2009) (same); *Manaois v. Roberts*, 2:08-CV-02442-JAM-GGH, 2009 WL 5199330, at *3-4 (E.D. Cal. Dec. 18, 2009) (same).

- Plaintiff "refutes" that California law governs his tort claim because the recordings at issue were originally created, and Plaintiff absconded with them, in New York.  (Opp. at 17 n.20).  At best, these facts prove that New York law applies to Plaintiff's original theft.  They have no bearing on the law that applies to his current purported claims for conversion or trespass.  The events underlying those meritless claims occurred in California, where the alleged statements to the police were made and where the subject recordings were and remain.  California law indisputably governs.  (*See* Roc Nation Mem. at 8-9).

## **CONCLUSION**

For the above reasons, and those stated in Roc Nation's opening Memorandum of Law, the First Amended Complaint should be dismissed against Roc Nation, without leave to amend.

Dated:  New York, New York
December 15, 2014

Respectfully submitted,

SHAPIRO, ARATO & ISSERLES LLP

By:   /s/ Cynthia S. Arato
Cynthia S. Arato
Daniel J. O'Neill
500 Fifth Avenue, 40th Floor
New York, New York 10110
Telephone:  (212) 257-4880
Facsimile:  (212) 202-6417
carato@shapiroarato.com
doneill@shapiroarato.com

*Attorneys for Defendant Roc Nation, LLC*

3