UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAUNCEY MAHAN,<br><br>    *Plaintiff*,<br><br>v.<br><br>ROC NATION, LLC, ROC-A-FELLA RECORDS, LLC, SHAWN CARTER p/k/a "JAY Z",<br><br>    *Defendants.* | 14 Civ. 5075 (LGS) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Andrew H. Bart
Lindsay W. Bowen
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600

*Attorneys for Defendants Roc-A-Fella
Records, LLC and Shawn C. Carter*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................2

I.       Mahan's Claims Are Time-Barred and Fail to State a Claim. ..............................................2

II.      Mahan's Constitutional, Jurisdictional, and Standing Arguments Should Be Rejected as Frivolous. ..................................................................................................6

        A.   Mahan's Constitutional Challenge to Constructive Notice Is Baseless. .........................6

        B.   Mahan's Subject Matter Jurisdiction Challenges Are Without Merit. ............................7

        C.   Mahan's Standing Claims Are Frivolous. .......................................................................8

III.     Mahan's Claims Over Unpublished Works Are Time-Barred. ..............................................9

IV.     Counts II, IV, and V Should Be Dismissed Under Rule 12(b)(1). ........................................10

CONCLUSION ................................................................................................................................11

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Brand v. RMM*,
  No. 10 Civ. 0287(AJP), 2011 WL 1496344 (S.D.N.Y. Apr. 18, 2011) ..................................... 3

*Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co.*,
  510 F.3d 77 (1st Cir. 2007) ..................................................................................................... 6

*Complex Sys., Inc. v. ABN Ambro Bank N.V.*,
  979 F. Supp. 2d 456 (S.D.N.Y. 2013) ............................................................................. 3, 5, 6

*Cortner v. Israel*,
  732 F.2d 267 (2d Cir. 1984) .................................................................................................. 10

*Eldred v. Ashcroft*,
  537 U.S. 186 (2003) ................................................................................................................ 7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ................................................................................................................ 8

*Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*,
  716 F.3d 302 (2d Cir. 2013) ........................................................................................... *passim*

*Jordan v. Sony BMG Music Entm't Inc.*,
  354 F. App'x 942 (5th Cir. 2009) ............................................................................................ 7

*Kwan v. Schlein*,
  634 F.3d 224 (2d Cir. 2011) ................................................................................................ 2, 3

*Margo v. Weiss*,
  No. 96 Civ. 3842(MBM), 1998 WL 2558 (S.D.N.Y. Jan. 5, 1998), *aff'd*, 213 F.3d 55
  (2d Cir. 2000) .................................................................................................................. 4, 5, 7

*Merchant v. Levy*,
  92 F.3d 51 (2d Cir. 1996) .................................................................................................2, 4, 8

*Nat'l Peregrine, Inc. v. Capitol Fed. Sav. & Loan Ass'n of Denver (In re Peregrine
  Entm't, Ltd.)*,
  116 B.R. 194 (C.D. Cal. 1990) ................................................................................................ 9

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*,
  469 U.S. 189 (1985) ............................................................................................................ 6, 7

*Pem-America, Inc. v. Sunham Home Fashions, LLC*,
  83 F. App'x 369 (2d Cir. 2003) ........................................................................................... 7, 9

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S.Ct. 1962 (2014)..................................................................................................2, 8

*Rico Records Distribs., Inc. v. Ithier*,
   No. 04 Civ. 9782(JSR), 2005 WL 2174006 (S.D.N.Y. Sept. 8, 2005).......................3

*Rodriguez v. Rodriguez*,
   55 F. Supp. 2d 534 (E.D. La. 1999), *rev'd*, 218 F.3d 432 (5th Cir. 2000) ...............9

*Santa–Rosa v. Combo Records*,
   471 F.3d 224, 228 (1st Cir. 2006).............................................................................4

*Stone v. Williams*,
   970 F.2d 1043 (2d Cir. 1992)................................................................................4, 8

*Streetwise Maps, Inc. v. VanDam, Inc.*,
   159 F.3d 739 (2d Cir. 1998)....................................................................................10

*Tolliver v. McCants*,
   No. 05 Civ. 10840(JFK), 2009 WL 804114 (S.D.N.Y. Mar. 25, 2009), *aff'd*, 486
   F. App'x 902 (2d Cir. 2012) .....................................................................................3

*Tulsa Prof. Collection Svces, Inc. v. Pope*,
   485 U.S. 478 (1988)...................................................................................................7

**STATUTES**

17 U.S.C. § 114(b) ............................................................................................................10

17 U.S.C. § 205(c) ..............................................................................................................6

Defendants Roc-A-Fella Records, LLC ("Roc-A-Fella") and Shawn C. Carter ("Mr. Carter" or "Jay Z") (collectively, "Defendants"), by their attorneys, Jenner & Block LLP, respectfully submit this Reply Memorandum in Support of their Motion to Dismiss.

## PRELIMINARY STATEMENT

As demonstrated in Defendants' original memorandum ("Br.") (Dkt. No. 38), even if the allegations made by Plaintiff, Chauncey Mahan ("Mahan"), are accepted as true, his Amended Complaint must be dismissed because his 14-year-old claims are barred by the three-year statute of limitations contained in the Copyright Act.  It is uncontested that Roc-A-Fella has asserted publicly that it is the sole owner of the copyrights in the albums at issue (the "Albums") since 2000.  Specifically, it filed copyright registrations in its own name and placed copyright notices claiming sole ownership on the copies of those Albums widely distributed to the public.  These actions constitute legal notice of Roc-A-Fella's ownership claims, thus triggering the running of the statute of limitations.

Further, Mahan has never disputed his awareness of Roc-A-Fella's claims, Opp'n at 23 (Dkt. No. 51), and even continued to provide services to Roc-A-Fella after it first asserted ownership of recordings on which he had worked.  As a veteran of the industry and someone who had filed his own copyright registrations, Mahan knew the significance of his failure to receive authorial credit or royalties, and never objected.

Despite these undisputed and legally dispositive facts, Mahan made no assertion of authorship for 14 years.  In fact, Mahan did not assert that he was an author of any of the sound recordings until *after* the failure of his April 2014 attempt to wrongfully extract payments from defendant Roc Nation, LLC.  While Mahan's opposition presents a series of fabricated new legal standards and frivolous assertions of issues of constitutional law, none of them provide grounds for disregarding clear statutory language and controlling precedent.

# ARGUMENT[1]

## I.   MAHAN'S CLAIMS ARE TIME-BARRED AND FAIL TO STATE A CLAIM.

There is no good faith dispute that Section 507(b) of the Copyright Act is an absolute bar to Mahan's claims. As the Supreme Court recently held, Section 507(b) of the Copyright Act, "bars relief of any kind for conduct occurring prior to the three-year limitations period." *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S.Ct. 1962, 1967 (2014). The Second Circuit has specifically applied this bedrock principle to claims of copyright ownership and held when such claims are brought more than three years after accrual, they must be dismissed under Rule 12(b)(6). *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996).

The undisputed facts in this case demonstrate that Mahan's claims accrued 13 and 14 years ago. The Second Circuit has unequivocally held that accrual occurs upon the repudiation of a claimant's ownership claim by a third party. However, it has set a flexible standard for determining whether there has been such a repudiation, holding that it can be demonstrated by "[a]ny number of events." *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 317 (2d Cir. 2013) (citing *Merchant*, 92 F.3d 51, 53, 56); *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011). Such events may include, but are not limited to, constructive notice through registration with the Copyright Office, publication with copyright notice, publication without authorial attribution, sole exploitation of a copyright, exploitation without the payment of royalties, or actual notice. *Gary Friedrich,* 716 F.3d at 317, 319; Br. at 10-15.

Courts within this District, applying the flexible Second Circuit standard, have consistently held that when a party registers a copyright solely in its own name, that action starts the statutory limitations period on any competing ownership claim. *See, e.g.*, Br. at 11-12 (citing

---

[1] For purposes of this Motion only, Mahan's allegations in his First Amended Complaint ("Amended Complaint" or "FAC") (Dkt. No. 31), attached as Exhibit A to the Bart Declaration (Dkt. No. 39), are deemed true.

2

cases); *Tolliver v. McCants*, No. 05 Civ. 10840(JFK), 2009 WL 804114, at *9, 12 (S.D.N.Y. Mar. 25, 2009), *on recons.*, 2009 WL 1473445 (S.D.N.Y. May 26, 2009), *aff'd*, 486 F. App'x 902 (2d Cir. 2012); *Complex Sys., Inc. v. ABN Ambro Bank N.V.*, 979 F. Supp. 2d 456, 472 (S.D.N.Y. 2013).[2] Similarly, courts have held that a claimant's ownership claim accrues when a third party distributes works bearing a copyright notice or with billing that fails to credit a claimant as an author. Br. at 14-15 (citing cases); *Rico Records Distribs., Inc. v. Ithier*, No. 04 Civ. 9782(JSR), 2005 WL 2174006, at *2 (S.D.N.Y. Sept. 8, 2005) (copyright notice); *see also Kwan*, 634 F.3d at 229 (non-authorial credit). Indeed, there is not a single case from this Circuit holding that either copyright registrations or copyright notices on distributed sound recordings are insufficient to start the running of the statute of limitations.

The application of these basic principles compels dismissal of Mahan's claims. It is uncontested that Mahan's work on the relevant recordings took place over 14 years ago. Br. at 4-5. It is also undisputed that in 1999 and 2000, Roc-A-Fella registered the copyrights for the Albums in its name alone and publicly distributed commercial copies of the Albums bearing copyright notices solely in its name. These acts are legally sufficient assertions of sole ownership and provide notice to all potential claimants, thus triggering the running of the statute of limitations. Br. at 10-15. These facts alone compel dismissal of Mahan's claims.

Courts in the Second Circuit have gone further, holding that even in the absence of such notice, implied repudiation is sufficient to trigger the statute when a plaintiff fails to receive royalties. *See Gary Friedrich*, 716 F.3d at 318; *Brand v. RMM*, No. 10 Civ. 0287(AJP), 2011 WL 1496344, at *4 (S.D.N.Y. Apr. 18, 2011). Underscoring the flexible approach to proving accrual applicable in this Circuit, the Court in *Gary Friedrich* notes that when "hit songs [are]

---

[2] The case that Mahan offers as counter authority, *Gary Friedrich*, is demonstrably inapposite on this point. In that case, constructive notice was not at issue because the relevant copyright registration was concededly filed after the lawsuit was initiated. 716 F.3d at 317.

3

regularly played on the radio" and royalties have not been paid, alleged co-owners can be "charged with notice of their ownership claim." 716 F.3d at 318 (citing *Merchant*, 92 F.3d at 52-53, 56 and *Stone v. Williams*, 970 F.2d 1043, 1046, 1048 (2d Cir. 1992)). Here, the Amended Complaint concedes the popular success of the relevant recordings, which is, itself, powerful evidence of notice. Br. at 17-18.

While Mahan concedes his awareness of Roc-A-Fella's "conspicuous exploitation" of the recordings, he argues that there is no evidence that he knew that his purported authorship entitled him to royalties.[3] Opp'n at 23. However, no "evidence" is necessary. Mahan highlighted his experience in the field, *see* FAC ¶¶ 10-15, and affirmatively admits that he was "actively engaged in the professional recording industry from 1987 through 2002 as a maker of sound recordings." *Id.* at ¶ 8; *see also Margo v. Weiss*, No. 96 Civ. 3842(MBM), 1998 WL 2558, at *5 (S.D.N.Y. Jan. 5, 1998), *aff'd*, 213 F.3d 55, 59 (2d Cir. 2000). Thus, Mahan's "failure even to explore the possibility" of receiving a royalty for works he supposedly authored "points up [his] lack of diligence in investigating [his] rights as [a] putative co-author[]."[4] *Margo*, 1998 WL 2558 at *6.

Of course, it is evident that Mahan plainly had actual notice of Roc-A-Fella's claim of sole ownership. Mahan continued to work on subsequent Roc-A-Fella recordings after the initial Albums at issue were released (and were hugely successful) and undoubtedly had personal

---

[3] Mahan's bizarre contention that he would have no way of knowing that he was entitled to a royalty unless Roc-A-Fella first paid him a royalty and then "froze" it, Opp'n at 23, is absurd. Indeed, the panel in *Santa–Rosa v. Combo Records* noted that "we cannot think of a more plain and express repudiation of co-ownership than the fact that [defendant] openly, and quite notoriously, sold [plaintiff's] records without providing payment to him." 471 F.3d 224, 228 (1st Cir. 2006). (Strangely, Mahan's description of the case centers upon references to parties—"Sanchez" and "Hacienda"—who are never mentioned in either the First Circuit's opinion or the opinion below. *See* Opp'n at 23 n.42.)

[4] The fact that Mahan never received—or sought—a royalty from Roc-A-Fella's exploitation of the Albums also demonstrates Mahan's recognition that he had no copyrightable or other ownership interest in the Albums, but the Court does not need to address that issue in this motion.

4

copies of the Albums bearing notices that the works were copyrighted by Roc-A-Fella.  Br. at 1-2.  Mahan never alleges to the contrary, nor does he allege that he was unaware of the significance of the copyright registrations,[5] or the copyright notices.  Indeed, as an industry professional who has made his own copyright filings, any such allegation would be perjurious.  *See Margo*, 1998 WL 2558, at *5 (experienced participants in the music industry who filed claims with Copyright Office should have known basic industry facts).

Unable to dispute any of the dispositive facts demonstrating the accrual of his claims or to distinguish the controlling legal precedent, Mahan instead manufactures a new standard for the accrual of copyright claims out of whole cloth.  Opp'n at 13.  Specifically, he announces the existence of a conjunctive "three-element test" that requires a party asserting the statute of limitations to demonstrate "private repudiation" (through personal communications), "public repudiation" (which could come via constructive notice), and implied notice.  While there is case law that each of these elements independently can be the basis for accrual, there is no law anywhere that all three are required.  This is a test manufactured by Mahan's counsel.

The only case Mahan cites in support of his fabricated three-element test, *Gary Friedrich*, does nothing of the sort.  Rather, it follows the Second Circuit's flexible standard and provides a non-exclusive list of events that a court may consider in evaluating when a claim accrues.  Indeed, that standard fully supports Defendants' position herein.  *Supra* at 2; *Gary Friedrich,* 716 F.3d at 317.  Notably, the analysis used by Judge Forrest in *Complex Systems, Inc. v. ABN*

---

[5] It is beyond dispute that registration of the copyright to an album covers the songs on that album.  *See* Br. at 13-14.  Indeed, Mahan's own use of a single copyright registration for multiple songs, Br. at 6, is a clear confirmation of his awareness of the significance of such registration.  Moreover, the authorities he cites do not address whether copyright registrations for an album cover individual songs.  Opp'n at 20.  Instead, they concern whether albums are "works made for hire," an issue not before this Court on this motion.  His conclusory assertion that he could not understand the registration process absent advice of counsel ignores his prior experience with that process and relies on inapposite cases involving complex banking and housing regulations.  *See* Opp'n at 20 & n.37.

5

*Ambro Bank N.V.*, a case decided after *Gary Friedrich*, confirms the flexibility of the standard and fully disposes of the notion of a rigid three-element test. 979 F. Supp. 2d at 472.

Even beyond the controlling law of the Second Circuit, there is not a single case in any Circuit that utilizes Mahan's fabricated test. While Mahan endeavors to show that some Circuits have, in inapposite factual situations,[6] required evidence of the repudiation of a plaintiff's claims that vary somewhat from those required by the Second Circuit, none of them has required the conjunctive three-factor test that Mahan proposes. *See* Opp'n at 12 n.21.

The facts demonstrating that Mahan's claims accrued over a decade ago are clear and uncontested. Mahan's attempt to circumvent those facts and the controlling legal standard by inventing a "three-element test" has no legal support and should be summarily rejected. Thus, Mahan's claims are plainly time-barred and must be dismissed.

## II. MAHAN'S CONSTITUTIONAL, JURISDICTIONAL, AND STANDING ARGUMENTS SHOULD BE REJECTED AS FRIVOLOUS.

Unable to respond meaningfully to the dispositive impact of the statute of limitations, Mahan's counsel sets forth a series of logically unconnected, legally unsupported, and shockingly facile *ipse dixit* pronouncements on constitutional law, subject matter jurisdiction, and standing. None warrant extensive discussion.

### A. Mahan's Constitutional Challenge to Constructive Notice Is Baseless.

Simply put, there is no legal basis for a challenge to the constitutionality of constructive notice. Not only does Section 205(c) of the Copyright Act expressly provide for it, but such notice is implied throughout the law without constitutional impediment. 17 U.S.C. § 205(c); *see, e.g.*, *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 199-200 (1985) (constructive

---

[6] For example, in *Cambridge Literary Properties*, the First Circuit explicitly stated that the only reason it required additional proof of accrual beyond a copyright registration was because the registration in that case was filed before the statute of limitations was added to the Copyright Act in 1957. *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co.*, 510 F.3d 77, 89 (1st Cir. 2007).

6

notice by trademark registration); *Jordan v. Sony BMG Music Entm't Inc*., 354 F. App'x 942, 945-46 (5th Cir. 2009) (copyright registration); *Margo*, 1998 WL 2558 at *5 (same).

Indeed, on page six of his brief, Mahan underscores why the application of statutes of limitations does not create constitutional issues: statutes of limitations bar remedies but do not result in determinations of substantive rights. Opp'n at 6 & n.6. Thus, there is no "taking" that could invoke constitutional considerations.[7]

However, despite expressly recognizing this point, Mahan bases his entire constitutional argument on the *ipse dixit* that since "a time-barred authorship claim will bar all remedies, the Court's granting of Defendants' motion would operate to divest Mahan of his property." Opp'n at 3. That statement is unsupported by precedent and, if accepted, would effect a jurisprudential revolution in which statutes of limitations would be routinely challenged on such grounds.[8]

### B. Mahan's Subject Matter Jurisdiction Challenges Are Without Merit.

In a desperate attempt to avoid dismissal, Mahan argues that the application of the statute of limitations would constitute a violation of the "separation of powers" and exceed this Court's subject matter jurisdiction. Opp'n at 5-7. Such an assertion is facially absurd. The Supreme Court has long held that "it is generally for Congress, not the courts, to decide how best to pursue the Copyright Clause's objectives." *Eldred v. Ashcroft,* 537 U.S. 186, 212 (2003). Congress did so when it enacted the limitations period found in Section 507(b). As stated by the Supreme

---

[7] Further, there can be no taking here since Roc-A-Fella is already the rightful owner of the works. In fact, its copyright registrations are *prima facie* evidence of that ownership. *See Pem-America, Inc. v. Sunham Home Fashions, LLC*, 83 F. App'x 369, 371 (2d Cir. 2003). Mahan is the party seeking an involuntary transfer of ownership.

[8] Mahan's citations to *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 485-86 (1988) and its forebears are irrelevant. These cases involve the actual taking of property in cases adjudicating bankruptcy creditors' rights, trust funds, and secured interests in property *in rem*, not procedural bars to copyright actions. *Id.* at 480-81, 484-85. Further, copyright is not *in rem* property. The article cited by Mahan merely shows that copyright shares certain characteristics of real property useful for scholarly analysis. *See* Opp'n at 3 n.2. Indeed, throughout his brief, Mahan attempts to use such inapposite analogies or recommendations made by law professors to support overturning decades of clear precedent from the Second Circuit. *See, e.g.,* Opp'n at 4 & nn.3-4.

7

Court in *Petrella*, once Congress has exercised its authority, "courts are not at liberty to jettison Congress' judgment on the timeliness of suit." 134 S. Ct. at 1967. Yet that is precisely what Mahan is asking this Court to do—to jettison "Congress' judgment on the timeliness of suit." *Id.*

Moreover, a court's refusal to apply the Copyright Act's statute of limitations, as Mahan urges this Court, would itself render Section 507(b) superfluous. 134 S. Ct. 1968; *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 358 (1991) ("[A] court should give effect, if possible, to every clause and word of a statute") (quotation marks omitted).

Finally, in the absence of any supporting authority, Mahan miscites *Stone* for the proposition that the limitations period is a bar on substantive rights and thus inapplicable to co-ownership claims. Opp'n at 5-7. *Stone* was a factually unusual case brought by the illegitimate daughter of legendary musician Hank Williams. The panel in that case held that the plaintiff's claims did not accrue until the facts of her fraudulently concealed parentage had been made clear to her. *Stone*, 970 F.2d at 1048-49. The *Merchant* panel later clarified that these "highly idiosyncratic facts" did not warrant a broader application, and that "*Stone* stands for the narrow proposition that, in certain situations, the statute of limitations will not be applied to defeat the . . . co-ownership claim of an author's relative . . . where uncertainty surrounded the relative's status as a member of the author's family." *Merchant*, 92 F.3d at 56; *see also Gary Friedrich*, 716 F.3d at 317 n.13.[9] Such a fact pattern bears no resemblance to the present circumstances, and thus *Stone* is inapplicable.

### C. Mahan's Standing Claims Are Frivolous.

Mahan's argument that Defendants lack standing to invoke the statute of limitations, Opp'n at 7-8, is also baseless. As an initial matter, there is no legal support for the notion that a

---

[9] Mahan's other "jurisdictional" argument that there is no remedy between co-owners, ignores that his declaratory judgment action is itself a remedy.

*defendant* requires standing to assert that a plaintiff's claim is time-barred and Mahan cites no cases on point. Moreover, as above, such an outcome would render Section 507(b) superfluous.

Mahan also argues that Section 201(e), which bars action by a "governmental body or other official or organization," precludes a court from deciding a private dispute in which the parties disagree on copyright ownership. However, this section merely reflects Congress's intention to protect copyrights from governmental takings and seizures. *See, e.g.*, *Nat'l Peregrine, Inc. v. Capitol Fed. Sav. & Loan Ass'n of Denver (In re Peregrine Entm't, Ltd.)*, 116 B.R. 194, 205 n.16 (C.D. Cal. 1990). Indeed, no court has ever even considered Section 201(e) in deciding whether to dismiss time-barred ownership claims.[10]

Finally, Mahan asserts that application of the statute of limitations would effect a transfer of copyright ownership and violate Section 204(a), the Copyright Act's "statute of frauds." Opp'n at 7-8. However, as noted above, Roc-A-Fella, not Mahan, is the registered owner of the recordings and its copyright registrations are *prima facie* evidence thereof. *See Pem-America*, 83 F. App'x at 371. Thus, Mahan is the party seeking a judicial transfer of ownership.[11]

### III. MAHAN'S CLAIMS OVER UNPUBLISHED WORKS ARE TIME-BARRED.

Defendants' opening brief showed that the ownership claims for the unpublished works wrongly retained by Mahan, if they were separately copyrightable, accrued at the same time as the claims relating to the released works. Br. at 15-17. This argument relied on a two-step

---

[10] *Rodriguez v. Rodriguez*, 55 F. Supp. 2d 534, 542 (E.D. La. 1999), *rev'd*, 218 F.3d 432 (5th Cir. 2000), a decision under state divorce law, was reversed by the Fifth Circuit, and not under "other grounds" as Mahan states. Opp'n at 11 n.19. The panel noted that the Act itself specifies that "traditional legal actions that may involve transfer of ownership" are not within the scope of Section 201(e). 218 F.3d at 441 n.47 (quotation marks omitted).

[11] Mahan's attempt to exclude Roc-A-Fella from the protections of the Copyright Act because he claims it is a "non-exclusive licensee" depends on the same conclusory and self-serving assertion that he, and not Roc-A-Fella, is the owner of the recordings. Opp'n at 9-10. Mahan does not support this assertion with any showing of plausible facts and makes no effort to rebut the presumption of ownership created by Roc-A-Fella's copyright registrations, only making the glib and spurious distinction between copyright "owners" protected by Section 201(d), and "presumptive owners." Opp'n at 10 n.17.

analysis. First, certain of the unpublished works (individual tracks that were mixed to create the final recordings) are covered by Roc-A-Fella's copyrights as *pre-existing*, *component parts* of the copyrighted recordings. Br. at 15; *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998) (finding registration of derivative work supported infringement claim with respect to pre-existing elements found therein). Second, the remainder of the unpublished works (consisting of outtakes and alternative mixes of the same components) are protected as derivative works of those copyrighted component parts. Br. at 15-16 (citing, *e.g.*, 17 U.S.C. § 114(b)).

Unable to address this argument, Mahan instead mischaracterizes it. He pretends that Defendants had presented the second category of unpublished works (the outtakes and remixes) as derivative works of the final Albums so he can assert a "chronological" problem with that analysis. Opp'n at 24. However, Defendants' argument, based on the clear allegations of the Amended Complaint, was that the outtakes and remixes were derivative works of the earlier-created protected components, not the Albums. Accordingly, there is no "chronological problem." Moreover, Mahan has not alleged any facts suggesting that either he or Defendants intended authorship or ownership of the unpublished works to be different from that of the final copyrighted recordings. Thus, his claims as to the unpublished works are also foreclosed.

## IV.   COUNTS II, IV, AND V SHOULD BE DISMISSED UNDER RULE 12(B)(1).

Mr. Carter is not a proper party to Counts II and IV because Mahan does not allege that Mr. Carter owns any copyrights at issue. Br. at 20-21. While Mahan asserts he has standing to sue Mr. Carter as a beneficial owner, the sole case that Mahan cites addresses the standing of a royalty participant to sue an infringer, not the ability of a purported owner to sue a royalty participant. *Cortner v. Israel*, 732 F.2d 267, 270-71 (2d Cir. 1984). Thus, both Counts must be dismissed against Mr. Carter. Likewise, Count V must be entirely dismissed because Mahan only alleges activity by Roc Nation, not by Mr. Carter or Roc-A-Fella. Br. at 18.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that Mahan's Amended Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

By: /s/Andrew H. Bart

Andrew H. Bart
Lindsay W. Bowen
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone:  (212) 891-1600

*Attorneys for Defendants Roc-A-Fella Records, LLC and Shawn C. Carter*

## **CERTIFICATE OF SERVICE**

I, Lindsay W. Bowen, hereby certify that on this 15th day of December, 2014, I caused a true and correct copy of a ***Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint,*** to be served on the following individuals via ECF:

**James H. Freeman**
James H. Freeman, Esq
1515 Broadway, 11th Floor
New York, NY 10036
james@jhfreemanlaw.com

**Anthony Robert Motta**
Anthony Motta, Esq.,
50 Broadway, #2202
New York, NY 10004
amotta@prodigy.net

*Attorneys for Petitioner*

   /s/ Lindsay W. Bowen