```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHAUNCEY MAHAN,                                             :
                                  Plaintiff,                :
                                                            :
              -against-                                     :
                                                            :
ROC NATION, LLC, et al.,                                    :
                                  Defendants.               :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/17/2015

14 Civ. 5075 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

This application for attorneys' fees arises out of the dismissal of Plaintiff Chauncey Mahan's four claims under the Copyright Act, 17 U.S.C. §§ 101, 201 et seq., and one claim alleging trespass to chattel in *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075, 2015 WL 1782095, at *3 (S.D.N.Y. Apr. 15, 2015) (the "April 15 Opinion"). Defendants Roc-A-Fella Records, Shawn Carter (together, "Roc-A-Fella") and Roc Nation, LLC ("Roc Nation") seek attorneys' fees, under the Copyright Act, 17 U.S.C. § 505, for a combined amount of $281,566.65. For the following reasons, their motions are granted in part.

**BACKGROUND**

Counsel for both Defendants submitted declarations with invoices listing the requested fees. Roc-A-Fella is represented by (1) Andrew Bart, charging an hourly rate of $720, and (2) Lindsay Bowen, charging an hourly rate of $529. Roc Nation is represented by (1) Cynthia Arato, charging an hourly rate of $565, and (2) Daniel O'Neil, charging hourly rates between $460 and $500 per hour. On May 15, 2015, Plaintiff submitted his opposition to the instant motion. Defendants submitted their reply memoranda on May 28, 2015, and further moved for the award of attorneys' fees associated with litigating the instant motion.

**DISCUSSION**

**I.    WHETHER FEES SHOULD BE AWARDED**

The Copyright Act authorizes "the court in its discretion [to] . . . . award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505; *accord Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (remarking that, under section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion").  In determining whether the fee should be awarded, there is no precise rule or standard, but courts look to a non-exhaustive list of factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Fogerty*, 510 U.S. at 534 n.19.  ("[T]here is no precise rule or formula for making [attorneys' fees] determinations, but instead equitable discretion should be exercised."); *see also Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (same).

Of these factors, objective unreasonableness is the most important.  *See Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) ("The third factor -- objective unreasonableness -- should be given substantial weight.").  Objective unreasonableness alone is sufficient to grant an award of fees.  *See Screenlife Establishment v. Tower Video, Inc.*, 868 F. Supp. 47, 52 (S.D.N.Y. 1994) (Sotomayor, J.) (holding that prevailing party may obtain attorneys' fees "pursuant to 17 U.S.C. § 505, once the court finds that the plaintiff's claim was objectively unreasonable; bad faith or frivolousness is not a prerequisite to an award of fees."); *see also Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 294 (S.D.N.Y. 2008),

2

*aff'd*, 326 F. App'x 575 (2d Cir. 2009). A party acts in an "objectively unreasonable manner by asserting an utterly meritless claim and a patently frivolous position." *Screenlife Establishment*, 868 F. Supp. at 51-52 (internal quotation marks omitted). To be objectively unreasonable, a claim must be "lacking in basis" or have an "objective lack of merit." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 WL 98057, at *2 (S.D.N.Y. Jan. 18, 2000), *aff'd*, 8 F. App'x 90 (2d Cir. 2001).

The *Fogerty* factors are relevant, however, only to the extent they align with the purposes of the Copyright Act. *See Fogerty*, 510 U.S. at 534 n.19 ("[S]uch factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."). "The touchstone of . . . § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act" -- specifically, "encouraging the raising of objectively reasonable claims and defenses, . . . not only to deter infringement but also to . . . to maximize the public exposure to valuable works." *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999) (quoted with approval in *Matthew Bender*, 240 F.3d at 122).

Defendants here are entitled to attorneys' fees because, for the reasons set forth in the April 15 Opinion, Plaintiff's claims under the Copyright Act were plainly time barred and therefore objectively unreasonable. Claims brought after the statute of limitations has run may be considered objectively unreasonable. *See*, *e.g.*, *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 895 (6th Cir. 2004) (affirming award of attorneys' fees to prevailing defendant under section 505 where "the district court found it was objectively unreasonable for plaintiffs to

3

have argued that the claims against [defendant] were not time barred"); *see also Zamoyski v. Fifty-Six Hope Rd. Music Ltd., Inc.*, 767 F. Supp. 2d 218, 223 (D. Mass. 2011).

Here, the claims were objectively without merit. As discussed in the April 15 Opinion, the statute of limitations on Plaintiff's co-ownership claims began to run when he knew or had reason to know of the injury on which the claims are premised. *See Mahan*, 2015 WL 1782095, at *3. Plaintiff's alleged ignorance of Defendants' representations of sole authorship "strains credulity[,]" given Plaintiff's longstanding career in the recording industry as well as the widely publicized success of the disputed works. Plaintiff's pursuit of his Copyright Act claims, filed more than ten years after the claims had accrued, was objectively unreasonable. An award of attorneys' fees here would promote the interests of the Copyright Act because it would deter frivolous law suits. *Cf. Ackoff-Ortega v. Windswept Pac. Entm't Co. (Inc.)*, No. 99 Civ. 11710, 2001 WL 225246, at *4 (S.D.N.Y. Mar. 2, 2001) ("This case involved complicated issues of fact and law and an award of attorneys' fees and costs in such a complex case would chill future lawsuits, rather than beneficially deter frivolous or objectively unreasonable lawsuits.").

In opposition, Plaintiff argues that fee shifting is not justified, as the dismissal of this action as time barred was "a purely technical win" that did not "impact the merits of [Plaintiff]'s substantive rights." This argument is incorrect, as it is well established that a dismissal on statute of limitations grounds "operates as an adjudication on the merits." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir. 1983) (collecting cases); *accord Michaelesco v. Estate of Richard*, 355 F. App'x 572, 573 (2d Cir. 2009) (summary order); *Dibbs v. Roldan*, 356 F. Supp. 2d 340, 349 (S.D.N.Y. 2005).

Plaintiff's reliance on *Brownstein v. Lindsay*, 742 F.3d 55 (3d Cir. 2014), is also misplaced.  Plaintiff cites *Brownstein* -- where plaintiff sued for co-authorship rights 14 years after the relevant copyright registrations -- to argue that (1) "the duration of time . . . [between] initial publication and registration of the work is not controlling" and (2) a co-authorship claim does not begin to run until a "'plain and express repudiation' of plaintiff's authorship rights."  In Plaintiff's case, however, and as discussed at length in the April 15 Opinion, Plaintiff's claim was expressly repudiated in myriad ways.  *See Mahan*, 2015 WL 1782095, at *3-4.  Plaintiff also contends that this action was not objectively unreasonable because it presented "unsettled, complex [and] novel issues of law."  This argument is also incorrect.  An abundance of case law supported the action's dismissal.  Plaintiff's remaining arguments were already considered and rejected in the April 15 Opinion, and are not addressed here.

## II.   Calculation of Attorneys' Fees

To determine an award of attorneys' fees, a court begins with the "presumptively reasonable fee" generally referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable . . . .").  The "lodestar" is calculated by multiplying "a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  "The party seeking the award has the burden of submitting evidence supporting the hours worked and rates charged." *S.W. ex rel. N.W. v. Bd. of Educ. of City of New York (Dist. Two)*, 257 F. Supp. 2d 600, 603 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)), *aff'd and remanded sub nom. A.R. ex rel.*

*R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65 (2d Cir. 2005).  Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded.  *Hensley*, 461 U.S. at 434.  The court, in its discretion, may make a reasonable determination of any percentage that should be deducted.  *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

Defendants request a combined amount of $281,566.65 in attorneys' fees -- $215,920.65 for Roc-A-Fella and $65,646 for Roc Nation.  This amount is equal to the lodestar, i.e., it represents the actual fees incurred by Defendants based on the hours billed and the attorneys' respective hourly rates.  For the following reasons, Defendants are entitled to recover 90% of the requested amount.

Plaintiff does not dispute as unreasonable either the number of hours billed or the hourly rates.  The rates that Defendants' counsel present here are comparable to the rates of similarly situated attorneys.  *See Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493, 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour.") (collecting cases).

A reduction of ten percent is warranted as the Amended Complaint raises a fifth claim -- trespass to chattel -- that does not arise under the Copyright Act and does not warrant a fee award under section 505.  Though one of five claims, this claim was not introduced until the Amended Complaint and therefore justifies a ten-percent reduction in fees.  Therefore, as reflected in the table below, Roc-A-Fella is entitled to fees of $194,328.59, and Roc Nation is entitled to fees of $59,081.40.

6

**Summary of Attorneys' Fee Awards**

| Defendant | Amount Requested | 10% Reduction | Remaining Amount |
|---|---|---|---|
| Roc-A-Fella, Shawn Carter | $215,920.65 | $21,592.07 | $194,328.59 |
| Roc Nation | $65,646.00 | $6,564.60 | $59,081.40 |
| **TOTAL** | **$281,566.65** | **$28,156.66** | **$253,409.99** |

## CONCLUSION

For the foregoing reasons, Defendants' motions are GRANTED in part. Defendants Carter and Roc-A-Fella are entitled to $194,328.59 in attorneys' fees and expenses. Defendant Roc Nation is entitled to $59,081.40 in attorneys' fees and expenses.

The Clerk of Court is directed to close the motions at Docket Nos. 66 and 69.

SO ORDERED.

Dated: July 17, 2015
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**