UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                :

CHAUNCEY MAHAN,                       :

                       Plaintiff,    :

                                  :          14 Civ. 5075 (LGS)

           -against-         :

                                  :         **OPINION AND ORDER**

ROC NATION, LLC, et al.,          :

                     Defendants. :

                                  :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__9/9/2016__

LORNA G. SCHOFIELD, District Judge:

    Before the Court are the applications by Defendants Roc Nation, LLC ("Roc Nation"),

and Roc-A-Fella Records, LLC and Shawn C. Carter (together, "Roc-A-Fella") for the fees and

costs incurred during the appeal of this Court's rulings.  For the following reasons, Defendants'

applications are granted in the amount of $159,955.38.  Defendants' request to hold Plaintiff's

former attorney personally liable under joint and several liability is denied.

I.    **BACKGROUND**

    On July 8, 2014, Plaintiff filed suit seeking a declaratory judgment that he had copyright

interests in albums published by Roc-A-Fella and in other unpublished recordings.  Mahan also

sought damages for conversion and trespass to chattel based on the allegation that Defendants

caused the Los Angeles Police Department to seize equipment belonging to him.  *Mahan v. Roc*

*Nation, LLC*, 14 Civ. 5075, 2015 WL 1782095, at *1 (S.D.N.Y. Apr. 15, 2015).  On April 15,

2015, Roc-A-Fella's Motion to Dismiss was granted, and Plaintiff's Amended Complaint was

dismissed in its entirety.  *Id*. at *1, 7.  On July 17, 2015, Defendants' motion for attorneys' fees

pursuant to 17 U.S.C. § 505 was granted in the amount of $253,409.99.  *Mahan v. Roc Nation,*

*LLC*, No. 14 Civ. 5075, 2015 WL 4388885, at *1, 4 (S.D.N.Y. July 17, 2015).  Mahan filed

notices of appeal on April 17 and July 20, 2015.

By summary order dated February 24, 2016, the Second Circuit affirmed the Court's dismissal of Plaintiff's claims as well as its fee award. *Mahan v. Roc Nation, LLC*, 634 F. App'x 329 (2d Cir. 2016) (summary order). Because Mahan's arguments on appeal were "as frivolous as those he made below," the Second Circuit held that "an award of attorney's fees [under 17 U.S.C. § 505] would further the objectives of the Copyright Act by deterring such baseless appeals." *Id.* at 331. The panel remanded the case "for the limited purposes of calculating defendants' attorney's fees and costs," and to "determine whether to hold Mahan's counsel personally liable for the assessed attorney's fees and costs." *Id*.

By Order dated June 9, 2016, Defendants were directed to serve and file their requests for attorneys' fees, and Mahan and his former counsel, James H. Freeman, were directed to submit letters stating their respective positions on whether Freeman should be held personally liable. After a conference held on June 29, 2016, Freeman's motion to withdraw as Mahan's counsel was granted. Freeman remains in the case as an interested party for purposes of these motions.

II.   **STANDARD**

To determine an award of attorneys' fees, a court begins with the "presumptively reasonable fee" generally referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2007); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable . . . ."). The "lodestar" is calculated by multiplying "the reasonable hours expended . . . by a reasonable hourly rate." *Kroshnyi v. U.S. Pack Courier Servs., Inc*., 771 F.3d 93, 108 (2d Cir. 2014). "The party seeking the award has the burden of submitting evidence supporting the hours worked and rates charged." *S.W. ex rel. N.W. v. Bd. of*

*Educ. of City of New York (Dist. Two)*, 257 F. Supp. 2d 600, 603 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)), *aff'd and remanded sub nom. A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65 (2d Cir. 2005).  Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded.  *Hensley*, 461 U.S. at 434.  The court, in its discretion, may make a reasonable determination of any percentage that should be deducted.  *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

III.   **DISCUSSION**

    **A.  Calculation of Attorneys' Fees and Costs**

    Defendants seek $168,214.98 in fees and costs incurred during the appeal -- $138,126.14 for Roc-A-Fella ($137,523.30 in fees and $602.84 in costs) and $30,088.84 ($29,686.00 in fees and $402.84 in costs) for Roc Nation.  As explained below, Roc-A-Fella is entitled to fees and costs totaling $130,236.54, and Roc Nation is entitled to fees and costs totaling $29,718.84.

    Defendants seek fees and costs exactly in line with their lodestar, without any multiplier.

    During the appeal, Roc Nation was represented by Shapiro Arato LLP as follows:

| Name | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Cynthia S. Arato | Partner | 565 | 20 | 11300.00 |
| Daniel J. O'Neill | Counsel | 500 | 35 | 17500.00 |
| Erin Millender | Staff Attorney | 225 | 4.1 | 922.50 |
| Erin Millender | Paralegal (2015) | 135 | 0.5 | 67.50 |
| Erin Millender | Paralegal (2016) | 145 | 2.4 | 348.00 |
| TOTAL | | | | $ 30,138.00[1] |

---

[1]    Based on Roc Nation's submissions, Shapiro Arato appears to have discounted its fee request by $452.00.

Roc-A-Fella was represented by Jenner & Block LLP as follows (the hourly rates are discounted per the law firm's agreement with the client):

| Name | Position | Rate | Hours | Total |
|------|----------|------|-------|-------|
| Vincent E. Lazar | Partner | 855 | 0.80 | 684.00 |
| Marc B. Hankin | Partner | 833 | 1.00 | 833.00 |
| Andrew Bart | Partner | 747 | 78.50 | 58639.50 |
| Lindsay W. Bowen | Associate | 553 | 128.20 | 70894.60 |
| Jonathan M. Diaz | [Associate][2] | 300 | 5.10 | 1530.00 |
| Cheryl L. Olson | [Paralegal] | 230 | 9.20 | 2116.00 |
| Toi D. Hooker | [Paralegal] | 230 | 1.30 | 299.00 |
| Casey A. Connolly | [Paralegal] | 195[3] | 3.60 | 702.00 |
| TOTAL | | | | $135,698.10 |

These hourly rates -- comparable to the rates of similarly situated legal professionals -- are reasonable. *See Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493, 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour.").

Having reviewed Defendants' submissions, the Court finds that the number of hours billed during the appeal are reasonable. Defendants' requested amounts are subject to only the following minor reductions. First, certain matters unrelated to the appeal are deducted. As noted above, the Second Circuit issued its Order on February 24, 2016. Because that Order specifically directed the Court to calculate fees and costs Defendants incurred "for litigating th[e] appeal," line items in Defendants' records describing work billed after February 24, 2016, for proceedings

---

[2]     Bracket indicates assumed position as it was not identified in the moving papers.

[3]     As explained below, this rate differs from Roc-A-Fella's submission.

4

in this Court are deducted from the requested amounts.  Roc Nation's records do not reflect any fees attributable to work outside of the Second Circuit proceedings, and therefore no deductions are required.  Roc-A-Fella's records, however, list work done in March 2016 on "client updates," work relating to Freeman's motion to withdraw (filed in the district court),[4] "district court proceedings" and a "fees brief."  Consistent with the foregoing, $5,859.80 is deducted from Roc-A-Fella's fee request.  Work attributed to completing the bill of costs required by the Second Circuit and hours relating to motions Freeman filed in the Second Circuit after the decision, however, are fairly included.  In addition, the work of Casey A. Connolly, apparently a Paralegal at Jenner & Block LLP based on the work performed, is charged here at an hourly rate of $702 rather than the correct rate of $195, requiring a deduction of $1,825.20 from Roc-A-Fella's request.

Second, on July 29, 2016, the Second Circuit ordered that costs are taxed in favor of Defendants, with Roc-A-Fella entitled to $204.60 and Roc Nation $370.00.  To avoid double recovery, Defendants' requests are accordingly reduced by these amounts.

Based on the foregoing, Roc-A-Fella is entitled to fees and costs totaling $130,236.74 ($129,838.30 in fees and $398.24 in costs), and Roc Nation is entitled to fees and costs totaling $29,718.84 ($29,686.00 in fees and $32.84 in costs).

Freeman argues that "Defendants' fees are unreasonably hyper-inflated" and should be discounted by 75% because "Defendants' legal work during appellate briefing was highly

---

[4]     Freeman's motion to withdraw as counsel, filed with the Second Circuit on March 4, 2016, was granted on March 9, 2016.  Freeman's withdrawal motion before this Court, filed on March 16, 2016, was granted on June 29, 2016.

duplicative and repetitive."  According to Freeman, "approximately 75% of Mahan's appellant brief was literally 'cut-and-paste' from" what he filed at the district court, and defense counsel therefore did not need to conduct further research or generate new work product in litigating the appeal.  This argument is rejected.

Although Freeman concedes that in filing the appeal he did little more than repeat arguments that this Court had already deemed "frivolous," "objectively unreasonable" and "objectively without merit," *Mahan*, 2015 WL 4388885 at *2; *Mahan*, 2015 WL 1782095 at *6, it was reasonable for Defendants to take the appeal seriously.  While the crux of Defendants' arguments may have remained the same, the substance and style of briefing and oral argument differ between trial and appellate courts, and competent lawyers will work hard to defend against even frivolous appeals.  Because Mahan appealed this Court's rulings in their entirety, Defendants were required to brief and argue the dismissal of five separate claims, and the imposition of fees under § 505.  Having reviewed Defendants' submissions, the Court finds that the fees and costs spent litigating the appeal are reasonable and not subject to any further discount.

Freeman's remaining arguments concerning the amount of fees and costs are equally meritless.  Freeman argues that "it would be highly unjust" to award Defendants fees and costs incurred to lift a bankruptcy court stay that blocked the appeal since, Freeman argues, Mahan filed for bankruptcy only "because Defendants were harassing him with premature collection efforts while the appeal was pending."  Freeman provides no support for this assertion, and nothing in the district or appellate court records reflects Defendants' "malfeasance" in seeking to collect this Court's judgment.  Whatever Mahan's motivations were for filing his bankruptcy

petition, Defendants were required to seek the lifting of the bankruptcy stay in order for the Second Circuit to rule.

In light of the foregoing, fees and costs in the amount of $159,955.58 are reasonable.

### B.  Whether Freeman Should be Held Personally Liable

As noted above, the Second Circuit's order characterized Mahan's arguments on appeal as "frivolous" and "baseless," and remanded the case to "determine whether to hold Mahan's counsel personally liable for the assessed attorney's fees and costs."  *Mahan*, *LLC*, 634 F. App'x at 331.  The panel did not decide whether or not Mahan's counsel, Freeman, should be sanctioned for his conduct, and instead explicitly left this determination to the Court's discretion.  Based on the appellate record and the parties' submissions, Freeman will not be held personally liable for any portion of the fees and costs awarded because his conduct on appeal does not evidence bad faith.

The statute under which Defendants asked the Second Circuit for fees and costs provides that "the court in its discretion may allow the recovery of full costs by or against any party" and that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Section 505 does not provide, however, for sanctions against non-prevailing *attorneys*.  *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 150 (2d Cir. 2001) (citation and internal quotation marks omitted) ("When a fee-shifting statute that authorizes the courts to award attorneys' fees to prevailing parties does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized."); *Neft v. Vidmark, Inc.*, 923 F.2d 746, 747 (9th Cir. 1991) ("There is no indication, either in the language of § 505 or, apparently, in its legislative history . . . that

Congress intended section 505 to be a means of imposing sanctions on attorneys."); *16 Casa Duse, LLC v. Merkin*, No. 12 Civ. 3492, 2013 WL 5510770, at *16 (S.D.N.Y. 2013) ("[O]nly parties, as opposed to their attorneys, are liable for awards under 505."), *rev'd in part on other grounds*, 791 F.3d 247 (2d Cir. 2015).

Although § 505 does not provide for assessing awards against attorneys, courts may impose sanctions based on their inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). "In order to impose sanctions pursuant to its inherent power" for frivolous claims or appeals, "a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). As noted above, both this Court and the Second Circuit have already held that Mahan's claims lacked a colorable basis, and the only remaining issue is whether Freeman acted in bad faith.

In response to the Court's June 9, 2016, Order, Freeman filed a letter stating that at all times he "held a sincere belief in the merits of Mr. Mahan's case."[5] Specific to the arguments he raised on appeal, Freeman argues that he was merely "attempting to convince the Second Circuit to adopt an existing legal standard followed by virtually every other Circuit" regarding when a

---

[5]     Mahan did not file anything in response to the June 9, 2016, Order, and has not taken a position on whether Freeman should be held personally liable.

8

three-year limitations period for claims of ownership under the Copyright Act accrues.[6]  Freeman further argues that his participation was irrelevant to Defendants' fees and costs because "Mahan stands committed to exhausting his legal rights and therefore would have prosecuted his appeal regardless of [Freeman's] participation."  That Mahan would have appealed this Court's rulings is reflected in the fact that even after the Second Circuit's decision -- and after Freeman withdrew as appellate counsel -- Mahan filed various pro se petitions for rehearing and rehearing en banc.

Based on these representations, the Court finds that Freeman's conduct on appeal, albeit misguided, was not in bad faith.  To be sure, the Court does not credit Freeman's description of other circuits' law concerning when claims of co-ownership accrue.  Nonetheless, Freeman has articulated a legal basis for his appeal that, while meritless, does not evidence bad faith.  *Schlaifer Nance*, 194 F.3d at 340 ("poor legal judgment" not sanctionable where "there is no evidence to suggest that [Appellants] had utterly no basis for their subjective belief in the merits of their case").  The Court is further persuaded that Mahan (not Freeman) was the driving force behind the decision to file the appeal.  According to Freeman, Mahan rejected Defendants' offer to settle the case in exchange for withdrawing his appeal, and the Court notes that, in addition to this appeal, Mahan has also commenced related litigation in California state and federal courts without Freeman's involvement since the Second Circuit rendered its decision.

---

[6]      Mahan appears to argue that whereas the Second Circuit held that "[a] claim accrues when a reasonably diligent plaintiff knows or has reason to know of the injury upon which the claim is premised," *Mahan*, 634 F. App'x at 331, other circuits have held that "express repudiation" of ownership is insufficient unless that repudiation is literally communicated to the person now claiming co-ownership.

Roc-A-Fella's arguments that Freeman should be held jointly and severally liable mainly describe why Mahan's claims and appeal were "objectively unreasonable" or "frivolous." As discussed above, this alone is insufficient to impose sanctions. Roc-A-Fella also identifies specific actions that it claims Freeman took in bad faith. In particular, Roc-A-Fella alleges that after Mahan filed for bankruptcy on November 25, 2015, Freeman failed to notify Roc-A-Fella of those proceedings and did not file a suggestion of bankruptcy with either the district court or the Second Circuit. Although Mahan and Freeman both appeared for a conference on December 9, 2015, neither disclosed Mahan's bankruptcy to either Roc-A-Fella or the Court.

Further, when Roc-A-Fella learned of Mahan's bankruptcy proceedings on January 5, 2016, Freeman refused to join in any motion to stay appellate proceedings in light of the automatic stay of the fees issue. After Roc-A-Fella filed an emergency motion to adjourn oral argument before the Second Circuit, Freeman filed a motion to strike Roc-A-Fella's prior motion for attorneys' fees, and to vacate this Court's fee award as a sanction to Roc-A-Fella for having filed the motion for an adjournment.

Roc-A-Fella's arguments are rejected as there are insufficient grounds to find that any of the challenged actions were taken in bad faith. With respect to the failure to disclose Mahan's bankruptcy petition, Freeman explains that he did not represent Mahan in those proceedings and believed that Mahan's bankruptcy counsel would notify this Court and the Second Circuit of the proceedings. Freeman further alleges that because he lacks experience in bankruptcy matters, he was unaware that Mahan's petition would impact proceedings in this case. Although these explanations reveal a lack of proficiency and perhaps even competence on Freeman's part,

Defendants have not shown that these excuses are disingenuous or that Freeman acted in bad faith.

As to the motions Roc-A-Fella filed immediately before oral argument at the Second Circuit, the Court again finds that Freeman acted in good faith.  Freeman's opposition to Roc-A-Fella's motion to continue oral argument was based on his belief that the bankruptcy petition would not affect proceedings in this action.  Ultimately, the Second Circuit denied Roc-A-Fella's motion for a continuance and held argument as scheduled.

Similarly, Freeman's filing of the January 11, 2016, cross-motion to strike Roc-A-Fella's emergency motion and for sanctions against Defendants is also insufficient grounds for sanctions. The motion was based on Mahan's and Freeman's beliefs that Roc-A-Fella's motion failed to comply with procedural rules, that Defendants had engaged in abusive practices to collect their attorneys' fee award from this Court and that Roc-A-Fella's request to continue oral argument was meant to improperly delay Mahan's appeal.  Although Mahan and Freeman were ultimately unable to convince the Second Circuit to render the relief requested in the cross-motion, nothing indicates that this filing was made in bad faith or prejudiced Defendants in any way.

For all of these reasons, Defendants' request to hold Freeman personally liable is therefore denied.

## IV.   **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' motions are GRANTED in part as follows: Defendants Carter and Roc-A-Fella are entitled fees and costs totaling $130,236.54, and Roc

Nation is entitled to fees and costs totaling $29,718.84.  The motions are DENIED insofar as

Defendants request an order holding Freeman jointly and severally liable for the above amounts.

SO ORDERED.

Dated: September 9, 2016
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE